## HELMHOLZ vs. EVERINGHAM.

*Evidence : Land contract and deed. — Construction of written instruments by court. — Contract construed.*

1. Where a deed from defendant to plaintiff was executed in fulfillment of a written contract, and, upon the terms of the deed, there was a doubt as to its meaning: *Held,* that it was not error to admit such contract in evidence, to explain the deed.
2. It was the duty of the court to construe the two instruments, and direct the jury to find in accordance with such construction.
3. By said contract (executed in June, 1868), plaintiff was to pay $1,000 down, and $4,500 on or before the 1st of September following, and thereupon defendant was to execute to him a deed of the land free of incumbrances, "except two certain mortgages, * * one for $1,500, due October 29, 1868, and one for $2,000, due September 30, 1873, *with interest,* which mortgages said [plaintiff] assumes and agrees to pay." No purchase-price of the land is otherwise mentioned in the contract. In August following, plaintiff, after making said two payments, received a deed, which purports to be "in consideration of the sum of $8,000," and declares that the property is conveyed subject to mortgages [viz.: the two mentioned in said contract], describing them as to dates, grantee, principal sums secured, and times of payment, and adding, "both of said mortgages bearing interest ; said mortgages being assumed by said party of the second part, and forming part of the consideration of the purchase-money above specified." Plaintiff was compelled to pay the whole year's interest on said mortgages, which fell due in September and October, 1868. *Held,* that defendant was not liable to him for any part thereof.

APPEAL from the County Court of *Milwaukee* County.

On the 10th of June, 1868, the parties to this action entered into a written agreement, under seal, for the sale and purchase of certain land then belonging to defendant. By the terms of this contract, *Helmholz* agrees to pay *Everingham*, his heirs or assigns, $1,000 on the ensealing and delivery of said instrument, and $4,500 on the 1st of September then next ; said payments "being intended to apply, when fully completed, as the purchase-money" of said land ; and *Everingham* binds himself, his heirs, etc., on payment of said sums, with the

interest, to execute and cause to be delivered to the said party of the second part [said *Helmholz*], or his legal representatives, a good and sufficient deed in fee simple of said premises, free and clear of all legal liens and incumbrances, except two certain mortgages executed by said party of the first part, one for $1,500, due October 29, 1868, and one for $1,000, due September 30, 1873, with interest, "which mortgages said party of the second part assumes and agrees to pay, and except the taxes thereon, agreed to be paid by the party of the second part." No purchase-price for the land is otherwise mentioned in the contract. The plaintiff paid $1,000 down, and $4,500 on the 1st of August following, and received a deed, which purports to be in consideration of the sum of $8,000, paid, and, after the description of the land, contains the following clause : "The above mentioned property is hereby conveyed subject to the two following mortgages, to wit: One for the sum of $1,500, executed by party of the first part to Abram Bedell, dated October 29, 1863, payable in five years, and one for the sum of $1,000, executed by party of the first part to Abram Bedell, dated September 30, 1863, and payable in ten years from date : both of said mortgages bearing interest. Said mortgages being assumed by said party of the second part, and forming part of the consideration of the purchase-money above specified. Which said mortgages the said party of the second part agrees to pay, and hold said *Everingham* harmless from any payment, costs, expenses, or charges therein." It also contains the usual covenants of warranty, but that against incumbrances excepts "the aforesaid mortgage to Abram Bedell assumed by the party of the second part." Afterward, in September and October, 1868, plaintiff was obliged to pay, and did pay, to the mortgagee, the interest on said mortgages respectively for one year ; and he demanded of plaintiff repayment of so much thereof as was for the period between the previous annual payments in 1867, and August 1, 1868, to wit, the

sum of $137.85; and, payment being refused, he brought this action to recover that amount. The complaint alleges that he agreed to pay, and did pay, for said land, $8,000, as the purchase-price; that the payment of the *principal* sums secured by said mortgages was assumed by him, and formed a part of the consideration or purchase-money; that, at the time of the payment of said sum of $5,500 (August 1, 1868), interest to said amount of $137.85 had accrued on said mortgages, to wit: on the $1,500 mortgage, from October 29, 1867, $79.33; and on the $1,000 mortgage, from September 30, 1867, $58.52; which said sums plaintiff had been compelled to pay the mortgagee; that, on said 1st of August, plaintiff was ignorant of the fact that such accrued interest had not been paid, but supposed that defendant had paid the same up to the date of said deed, in consequence of which mistake of fact he had paid defendant $137.85 in excess of the purchase-price of said premises; that, within a short time thereafter, plaintiff for the first time learned that the interest on said mortgages had not been paid up to the date of said purchase, etc. The answer denies these allegations.

At the trial, plaintiff put in evidence his deed from defendant, and also introduced testimony tending to show that, previous to the execution of the written contract of sale, the parties had agreed upon $8,000 as the purchase-price of the land, and that nothing was said on the subject of interest due on said mortgages, either before or at the time of the delivery of said deed. Defendant put in evidence, against objection, said written contract of sale and purchase. The court instructed the jury to find for defendant. Verdict and judgment accordingly; and plaintiff appealed.

*Mann & Cotzhausen*, for appellant, contended that, if the deed was not ambiguous, then it was error to admit the contract in evidence. If the deed was ambiguous as to the question whether the grantee was to pay interest on the mortgages from the date of his purchase

only, or from an earlier date, then it was such an ambiguity as was held, in *Ganson v. Madigan*, 15 Wis. 144, to admit parol evidence of the circumstances under which the deed was made; and the question upon the evidence should have been left to the jury. 2. The deed shows the consideration to have been $8,000. It provides for the payment of the mortgages and interest, "as forming part of the consideration of the purchase-money above specified." The mortgages and interest, up to the date of the deed, with the $5,500 (paid by plaintiff to defendant, in ignorance that such interest remained unpaid by defendant), made $137.85 *in excess* of the "purchase-money," or consideration. The excess, thus paid by mistake, plaintiff is entitled to recover.

*Jenkins & Elliott*, for respondent.

COLE, J. The deed was made in fulfillment of the written contract, and if there was any uncertainty upon the face of the deed, whether the grantee had agreed to pay the mortgages with the accruing interest upon them, it was clearly competent to introduce the contract in evidence to remove the doubt upon that point. The deed stated that the property was conveyed subject to the mortgages, which were bearing interest and were assumed to be paid by the grantee as a part of the purchase-money. If this clause in the deed, and that relating to the entire consideration, left the matter in doubt whether the grantee had agreed to pay the accruing interest on the mortgages, surely this doubt is removed by the language of the contract. For the contract specified that the vendor, upon the payments being made as therein provided, would convey the premises by a good and sufficient deed, "free and clear of all legal liens and incumbrances, except two certain mortgages executed by the party of the first part, one for $1,500, due October 29th, 1868; and one for $1,000, due September 30th, 1873, *with interest*, which mortgages the party of the second part assumes and agrees to pay."

The interest on these mortgages was payable annually, and really no interest had matured upon either mortgage at the time the deed was executed. But the mortgages bore interest; and this interest, as well as the principal, the vendee assumed to pay. This, we think, is very clear upon the face of the written contract and deed. And, as it was the duty of the court to construe these instruments, and determine the extent of the liability of the plaintiff, there was no error in directing a verdict for the defendant.

*By the Court.*— The judgment of the county court is affirmed.